IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 19, 2009 at Knoxville

## STATE OF TENNESSEE v. DELARIE KATRICE PURNELL

**Appeal from the Circuit Court for Marshall County**
**No. 08CR43    Robert Crigler, Judge**

_____

**No. M2008-02333-CCA-R3-CD - Filed October 27, 2009**

_____

The Defendant, Delarie Katrice Purnell, pled guilty to sale and delivery of a Schedule VI controlled substance (counts 1 and 2), sale and delivery of a Schedule II controlled substance (counts 3 and 4), sale and delivery of a Schedule I controlled substance (counts 5 and 6), speeding (count 7), and simple possession of a Schedule VI controlled substance (count 8). At the sentencing hearing, the trial court denied alternative sentencing. The Defendant appeals, arguing that her sentence is excessive and contrary to law. Citing the Defendant's previous criminal convictions and criminal conduct, the court ordered the Defendant to serve an effective sentence of ten years as a Range I Standard Offender. After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Donna Orr Hargrove, District Public Defender; Michael J. Collins and William Harold, Assistant District Public Defenders, attorneys for appellant, Delarie Katrice Purnell.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The facts are not in dispute. The Defendant stated, in a written statement after her arrest, that she traveled from Indianapolis to Houston, Texas with a friend from work. Upon arriving in Houston, the  friend rented a car and they went to a hotel in Houston for the night. The next day, a Monday, the Defendant left her friend to meet a man named Rob at the Kentucky Fried Chicken next to the hotel. The Defendant bought two pounds of marijuana and fifteen ecstasy pills from Rob. On Tuesday, the Defendant met Rob at a liquor store and purchased a small amount of cocaine for her

cousin. Her cousin wired her five hundred dollars to cover his share of the marijuana purchase. On their drive back to Indianapolis, the Defendant was pulled over by Tennessee Highway Patrol Trooper Wayne Dunkleman for speeding.

Trooper Dunkleman testified at the sentencing hearing. According to Trooper Dunkleman, he stopped the Defendant on Interstate I-65 for going 82 miles per hour in a 70 mile per hour speed zone. He stated that he smelled what "he believed to be a burned marijuana smell" emanating from the car and from the Defendant. After talking to the passengers, he allowed his canine to circle the vehicle. The canine reacted to the smell of marijuana on the "driver's side door and the left trunk area of the vehicle." Upon noticing the canine's reaction, he told the occupants, including the passenger who had rented the car in her name, that he "already had probable cause to search the vehicle." At that point, the passenger said "go ahead and search whatever you want." Trooper Dunkleman asked the Defendant if there was any marijuana in the car. He testified that the Defendant "stated that there was a marijuana blunt in the ashtray and she would show it to me if I would let her go home." He refused and advised the Defendant of her Miranda rights. The Defendant then began "kicking stones" and "cussing loudly."

Trooper Dunkleman stated that he noticed that the passenger was shivering. While retrieving a jacket from the trunk for the passenger, he noticed a "very strong odor of what [he] believed to be raw marijuana." When Deputy Lindsay Cook of the Marshall County Sheriff's Department arrived, Trooper Dunkleman and Deputy Cook searched the vehicle and found a marijuana blunt in the ashtray, three packages of marijuana in a blue, Nike duffle bag, a plastic bag containing cocaine, and thirteen Ecstasy pills.

Therese Frazier of the State of Tennessee's Department of Probation and Parole also testified at the sentencing hearing. She stated that the Defendant had two prior felony convictions of burglary and received a four year sentence. She was ordered to serve 210 days before being released on probation. According to Ms. Frazier, the Defendant had been to two treatment programs for her addiction to cocaine.

ANALYSIS

The Defendant's sole issue on appeal is that the trial court imposed an excessive sentence. An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2005). The appealing party has the burden of showing that the imposed sentence is improper. Id. If review of the record reflects that the trial court properly considered all relevant factors, gave due consideration and proper weight to each factor, and its findings of fact are adequately supported by the record, this court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Should the record fail to demonstrate the required considerations by the trial court, then appellate review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169. In this respect, for the purpose of meaningful appellate review,

[T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. Tenn. Code Ann. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on her own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2006); see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

The Defendant committed this offense on February 27, 2008; thus, she was sentenced under the revised sentencing act as enacted by the Tennessee General Assembly in 2005. The act provides:

(c) The court shall impose a sentence within the range of punishment, determined by whether the defendant is a mitigated, standard, persistent, career, or repeat violent offender. In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c)(1)-(2) (2006).

The weight to be afforded an enhancement or mitigating factor is left to the trial court's discretion so long as its use complies with the purposes and principles of the 1989 Sentencing Act and the court's findings are adequately supported by the record. Id. § (d)-(f); State v. Carter, 254 S.W.3d 335, 342-43 (Tenn. 2008). "An appellate court is therefore bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in . . . the Sentencing Act." Carter, 254 S.W.3d at 346. Accordingly, on appeal we may only review whether the enhancement and mitigating factors were supported by the record and their application was not otherwise barred by statute. See id.

In imposing a sentence, the trial court may only consider enhancement factors that are "appropriate for the offense" and "not already . . . essential element[s] of the offense." Tenn. Code Ann. § 40-35-114 (2006). These limitations exclude enhancement factors "based on facts which are used to prove the offense" or "[f]acts which establish the elements of the offense charged." State v. Jones, 883 S.W.2d 597, 601 (Tenn. 1994). Our supreme court has stated that "[t]he purpose of the limitations is to avoid enhancing the length of sentences based on factors the legislature took into consideration when establishing the range of punishment for the offense." State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997); Jones, 883 S.W.2d at 601.

After reviewing the record, we conclude that the trial court considered the necessary sentencing principles and the relevant facts and circumstances in this particular case. Therefore, we will conduct a de novo review on the record, with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d).

At the sentencing hearing, the State proposed the following enhancement factor: "The [D]efendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114. In return, the Defendant proposed one mitigating factor: "The [D]efendant's criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113(1). The court noted the Defendant's criminal convictions and past criminal conduct and applied enhancement factor number one. Before making its final determination, the court considered and applied mitigating factor number thirteen (that the Defendant pled guilty without any agreement, sparing the State the cost and expense of a trial).

Finding that the sentences should be served concurrently, the court sentenced the Defendant as follows:

| Count | Charge | Disposition & Sentence |
|---|---|---|
| 1 | Possession with intent to sell a Schedule VI controlled substance | Merged with Count 2 |
| 2 | Possession with intent to deliver a Schedule VI controlled substance | 1 and ½ years |
| 3 | Possession with intent to sell a Schedule II controlled substance | Merged with Count 4 |
| 4 | Possession with intent to deliver a Schedule II controlled substance | 10 years |
| 5 | Possession with intent to sell a Schedule I controlled substance | Merged with Count 6 |
| 6 | Possession with intent to deliver a | 10 years |

| | | |
|---|---|---|
| | Schedule I controlled substance | |
| 7 | Speeding | 30 days |
| 8 | Simple possession of a Schedule VI controlled substance | Merged with Count 2 |

The record establishes that the trial court considered and weighed each factor in the case before making its final decision. The enhancement and mitigating factors are supported by the record. Accordingly, we conclude that the record supports the trial court's sentencing decision in this case.

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE